ACCEPTED
04-14-00824-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/25/2015 10:05:19 AM
KEITH HOTTLE
CLERK

## CAROLE KING BOYD
ATTORNEY AT LAW
15751 HIGHWAY 16 NORTH
MEDINA, TEXAS 78055
TEL: (830) 589-7587
FAX: (830) 589-7598
E-Mail: ckbesq@hctc.net

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

02/25/2015 10:05:19 AM

KEITH E. HOTTLE
Clerk

February 25, 2015

Court of Appeals
Fourth Court of Appeals District
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037
Attention: Keith E. Hottle, Clerk

Re: Court of Appeals Number: 04-15-00006-CV
04-14-00824-CV
Trial Court Case Number: CV-13-0200356
Style: Robert Tyson et als. v. Robert N. Freeman II et als.

Dear Mr. Hottle:

This is in furtherance of my letter to the Court of February 23, 2015, and of our telephone conversation yesterday. Because of the confusion that has ensued from this appeal, I will briefly set forth the chronology of events as I know of them, and what the present consolidation issue is from my perspective.

Appellees (Individual defendants Robert F. Freeman II, Demar Boren and Lorena Yeates) all made motions for Summary Judgment in the Court below. Whether they were motions for No-Evidence Summary Judgment or Traditional Summary Judgment was unspecified. Appellants (plaintiffs Robert Tyson, et als.) opposed these motion and supplied Summary Judgment evidence in opposition. At the return date, all of Appellants' evidence was excluded based upon a mistake of law, and summary judgments were granted to the three individual defendants.

Appellants moved for Re-Hearing and an opportunity to cure any form defects and Appellees moved for Severance. These motions were all heard on the same date at the same time before Judge Emerson. The court granted Appellees motions for severance, although done in separate orders filed on separate dates, and denied Appellants' motion for re-hearing.

Appellants then filed a Notice of Appeal from these decisions (the granting of Summary Judgments, the denial of a re-hearing and the severance of the individual defendants.)

After preparing the Notice of Appeal to file with the District Clerk, I had issues trying to e-file the Docketing Statement as well as trying to pay for the costs of appeal on line. I was using One Legal (out of California, apparently) and they were unable to pay for me despite having my credit card on file, saying that they could only submit money if the case was already filed in the Court of Appeals. This seemed to be a case of the cart before the horse. When I filed the Notice of Appeal with the District Clerk, they also accepted the Docketing Statement for filing. I then received notice that my appeal had been filed with the No. 04-14-00824. I spoke with someone in the office of the Clerk of the Court of Appeals because I was unable to pay the fee on line, and they advised to send a copy of the Docketing Statement to them by mail, along with a check in payment, which I did.

Soon thereafter I received a telephone call advising that because the matters had been severed below, there would have to be two separate appeals with two numbers, and they gave me the second number (04-05-00006.) This was instantly recognizable to me as a major problem, as my clients have severe monetary constraints, and the appeal is being handled on a pro bono status. I asked why it was necessary (and not redundant) to have two appeals and couldn't they be consolidated into one, since everything stemmed from the same events and procedures. There was also the problem that before writing a brief I needed to have the transcripts below, and they were not available yet. I was informed that I might move for consolidation and to extend time on the brief. I did so on January 8, 2015.

I never heard that my motion was resolved, but my brief was then becoming due again. I also received notice of an order saying that I had not paid filing fees for the 00006 matter. I called the Court to see how to handle that, as there was no disposition yet on my motion to consolidate and I wrote my brief as though both matters were one. The problem is that I have no idea what the 00006 matter consists of- or why there are these two numbers for separate appeals when I thought I had appealed everything together.

I still do not know what the 00006 matter represents as the severance was included as an issue on appeal in my first filing and it would be a grave hardship to have two appeals.

I appreciated your call to advise that I should go ahead and pay the second fee in case consolidation is not granted, but truthfully, neither I nor my clients can afford to do so. It seems to only make sense in judicial economy, not to mention client economy, to have only one appeal responsive to the events following the summary judgments, as everything stemmed from the Court's wrongfully excluding evidence and granting of those judgments. If those rulings were to be reversed, all other issues would necessarily be resolved.

I have already submitted my brief, and hope that the appeal will proceed. Thank you for your kind consideration.

Very truly yours,

/S/
Carole K. Boyd

CKB:hs
Cc:  C. Dixon Mosty by e-filing service
    Stephen Schulte by e-filing service